UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA STEFFEN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 17-cv-06396-DMR<br><br>**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 45 |

Plaintiff Andrea Steffen, proceeding pro se, filed a complaint alleging constitutional violations against Defendants City and County of San Francisco ("San Francisco"), Sergeant Leonard Caldera, and Sergeant Susan Nangle related to the February 2017 seizure of her truck. Defendants moved for summary judgment and the court held a hearing on April 25, 2019 at which it discussed with the parties Plaintiff's interest in a referral for potential pro bono representation. The court took the motion for summary judgment under submission and vacated all case management deadlines pending such referral. [Docket Nos. 45 (Defs.' Mot.), 59 (Minute Order), 76 (Apr. 25, 2019 Hr'g Tr).] On July 29, 2019, the court appointed counsel for the limited purpose of representing Plaintiff at a settlement conference and stayed the proceedings for four weeks. [Docket No. 62.] The parties subsequently participated in a settlement conference before the Honorable Kandis A. Westmore in December 2018 at which the matter did not settle. [Docket No. 70.] On January 2, 2020, the court appointed counsel to represent Plaintiff for all purposes for the duration of the case. [Docket No. 74.] The court now enters the following order on Defendants' motion for summary judgment.[1]

---

[1] The court notes that in her pending motion to reopen discovery, Plaintiff asks the court to defer ruling on Defendants' motion for summary judgment, arguing that "there are material facts yet to be explored in discovery that will further warrant the denial of Defendants' pending summary

1. Summary judgment is denied as to Plaintiff's 42 U.S.C. § 1983 claim for violation of the Fourth Amendment against Caldera based on the allegation that he seized her truck without probable cause (claim one). The undisputed facts establish that Caldera had probable cause to seize the truck itself, since the suspect in an aggravated assault, Anthony Ocampo, had been seen entering Plaintiff's truck immediately after the assault and there was blood evidence on Steffen's truck. However, there are material disputes of fact as to whether probable cause supported seizing Plaintiff's personal possessions inside the truck along with the truck. For example, it is undisputed that after Plaintiff and Ocampo exited the truck and Plaintiff was questioned, and before Plaintiff's truck was seized along with her belongings, the officers allowed her back inside the truck for approximately 45 minutes, where she had unlimited access to her personal possessions. Summary judgment is also denied as to Steffen's claim that the seizure of her truck violated Vehicle Code section 22655.5, which permits the removal of a motor vehicle and its contents if a peace officer "has probable cause to believe that the vehicle . . . contains evidence, which cannot readily be removed, which tends to show that a crime has been committed," Cal. Veh. Code § 22655.5(b), due to disputes of fact as to whether any evidence inside the truck could readily be removed.

Given that there are material factual disputes as to whether Caldera had probable cause to seize Steffen's essential personal possessions along with her truck, summary judgment based on qualified immunity is not appropriate at this time.

2. Summary judgment is granted as to Plaintiff's section 1983 claim that Caldera violated her Fourteenth Amendment right to due process by placing her in state-created danger (claim two). The "danger creation exception" is an exception to the general rule that "members of the public

---

judgment motion." [Docket No. 75 at 9.] The request is denied. A request to conduct discovery under Federal Rule of Civil Procedure 56(d) is untimely unless made "prior to the summary judgment hearing." *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990) (noting that "the process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if requested well after the deadline set for the introduction of all information needed to make a ruling has passed."). Moreover, pro se litigants are not "relieved from the obligation of complying with the summary judgment rules." *Casumpang v. Hawaiian Commercial & Sugar Co*., 712 Fed. Appx. 709, 709 (9th Cir. 2019) (citing *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)).

have no constitutional right to sue state actors who fail to protect them from harm inflicted by third parties." *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007) (quotation omitted). To hold a state actor liable under the "danger creation" exception, "a plaintiff must first show that 'the state action affirmatively place[s] the plaintiff in a position of danger, that is, where state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Id.* (quoting *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006)). "The affirmative act must have exposed the plaintiff to 'an actual, particularized danger,' and the resulting harm must have been foreseeable." *Pauluk v. Savage*, 836 F.3d 1117, 1125 (9th Cir. 2016) (internal citations omitted). "Second, the state actor must have acted with deliberate indifference to a known or obvious danger." *Id.* (quotation omitted). "Deliberate indifference requires a culpable mental state more than gross negligence." *Id.* (quotation omitted). It is undisputed that Officer Kelly Kensic offered to contact the Homeless Outreach Team on Steffen's behalf to assist her with finding shelter on the night her truck was seized, and that Steffen refused the offer of assistance. The cases cited by Plaintiff, *Wood v. Ostrander*, 879 F.2d 583, 589-90 (9th Cir. 1989), and *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087 (9th Cir. 2000), are thus distinguishable.

3. Summary judgment is granted as to Plaintiff's section 1983 claim for violation of her Fifth and Fourteenth Amendment due process rights against Nangle based on the allegation that she failed to provide Steffen with a tow and fee waiver hearing (claim three). Plaintiff failed to present evidence establishing that Nangle (as opposed to a different San Francisco official) was required to provide her with a tow and fee waiver hearing.

For the same reason, summary judgment is granted as to Plaintiff's claim that Nangle's failure to provide a tow and fee waiver hearing violated California Vehicle Code section 22852 and Section 10C.8 of the San Francisco Administrative Code. Summary judgment is granted on these three claims without prejudice to Plaintiff amending the second amended complaint to assert them against a different defendant.

4. Summary judgment is granted as to Plaintiff's section 1983 claim for violation of the Fourteenth Amendment against Nangle based on the allegation that she allowed the state-created

3

danger to continue for six days (claim four). In order to hold a state actor liable under the danger creation exception, a plaintiff must show that "the state action affirmatively place[s] the plaintiff in a position of danger . . . which he or she would not have otherwise faced." *Johnson*, 474 F.3d at 639 (quotation omitted). Further, "the state actor must have acted with deliberate indifference to a known or obvious danger." *Pauluk*, 836 F.3d at 1125 (quotation omitted). Plaintiff failed to present evidence that Nangle (or anyone else) took any affirmative action towards Steffen or was aware of Steffen's circumstances such that her conduct rose to the level of deliberate indifference.

     5. Summary judgment is granted as to Plaintiff's section 1983 claim against San Francisco that San Francisco Police Department's General Order 9.06 violated Steffen's Fifth and Fourteenth Amendment due process rights. General Order 9.06 III provides the following, in relevant part:

> F. VEHICLE HOLDS. A vehicle "hold" may be placed on a towed vehicle under certain circumstances. A vehicle with a "hold" placed on it cannot be released until the "hold" has been removed by the appropriate investigative section. For example, a "Hold for Robbery" can only be removed by the Robbery Section.

Plaintiff argues that even though General Order 9.06 provides that a hold must be removed by "the appropriate investigative *section*," she was repeatedly told that only Nangle "could do anything regarding the return of her property and the release of the hold," and asserts that "[a]n investigator cannot be on duty 24/7 which can result in delay of holds being removed." Opp'n 18. However, Plaintiff's fifth claim is against San Francisco; that an individual officer may have given her inaccurate information about the operation of General Order 9.06 does not mean that San Francisco may be held liable. "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, . . . a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). To establish municipal liability, plaintiffs "must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (quoting *Monell*, 436 U.S. at 691). Plaintiff presented no evidence of an official policy or practice of San Francisco that caused her

injury.

**IT IS SO ORDERED.**

Dated: March 6, 2020

_____
Donna M. Ryu
United States Magistrate Judge

