UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA STEFFEN,<br><br>   Plaintiff,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 17-cv-06396-DMR<br><br>**ORDER ON MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 106 |

Plaintiff Andrea Steffen moves for leave to file a third amended complaint. [Docket No. 106.] Defendants oppose the motion. [Docket No. 107.] The court held a hearing on February 25, 2021. For the following reasons, the motion is denied.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In September 2017, Steffen filed a complaint in state court as a self-represented litigant alleging constitutional violations against Defendants City and County of San Francisco ("San Francisco") and Doe Defendants related to the February 2017 seizure of her truck. She subsequently filed an amended complaint and San Francisco removed the action to this court in November 2017. [Docket No. 1.] In February 2018, Steffen filed a second amended complaint ("SAC") against San Francisco, the San Francisco Police Department ("SFPD"), Sergeant Leonard Caldera, and Sergeant Susan Nangle, alleging claims related to the seizure of her truck.[1] [Docket No. 20.] Following the close of fact discovery in February 2019, Defendants moved for summary judgment. At the April 25, 2019 hearing on the motion, the court discussed Steffen's interest in a referral for potential pro bono representation, took the motion for summary judgment under

---

[1] The court dismissed Defendant SFPD from the action in August 2018. [Docket No. 34.]

submission, and vacated all case management deadlines pending such referral. [Docket Nos. 45, 59, 76.]

On July 29, 2019, the court appointed counsel for the limited purpose of representing Steffen at a settlement conference and stayed the proceedings for four weeks. [Docket No. 62.] The parties subsequently participated in a settlement conference before Magistrate Judge Kandis A. Westmore in December 2018 at which the matter did not settle. [Docket No. 70.] On January 2, 2020, the court appointed Weil Gotshal & Manges LLP to represent Steffen for all purposes for the duration of the case. [Docket No. 74.] Steffen subsequently moved to reopen discovery. [Docket No. 75.]

On March 6, 2020, the court granted in part and denied in part Defendants' motion for summary judgment. [Docket No. 83 (Order on MSJ).] The court denied summary judgment on Steffen's section 1983 claim for violation of the Fourth Amendment against Caldera based on the allegation that he seized her truck without probable cause. The court found that even though the undisputed facts established that Caldera had probable cause to seize the truck itself, there were disputes of fact as to whether probable cause supported seizing her personal possessions inside the truck along with the truck. The court also denied summary judgment as to Steffen's claim that the seizure of her truck violated California Vehicle Code section 22655.5, which permits the removal of a motor vehicle and its contents if a peace officer "has probable cause to believe that the vehicle . . . contains evidence, which cannot readily be removed, which tends to show that a crime has been committed," Cal. Veh. Code § 22655.5(b), due to disputes of fact as to whether any evidence inside the truck could readily be removed. Order on MSJ 2. Additionally, the court found that summary judgment based on qualified immunity was not appropriate given material factual disputes about whether Caldera had probable cause to seize Steffen's personal possessions along with her truck. *Id.*

The court granted summary judgment on Steffen's remaining claims as follows:

- Section 1983 claim that Caldera violated Steffen's Fourteenth Amendment right to due process by placing her in state-created danger, since it was undisputed that an SFPD officer offered Steffen assistance with finding shelter on the night her truck was seized

1            and she refused the offer;

- Section 1983 claim that Nangle violated Steffen's Fifth and Fourteenth Amendment due process rights, California Vehicle Code section 22852, and San Francisco Administrative Code Section 10C.8 based on the allegation that Nangle failed to provide Steffen with a tow and fee waiver hearing, since Steffen did not present evidence that Nangle (as opposed to a different San Francisco official) was required to provide her with a tow and fee waiver hearing. The court granted summary judgment on these three claims without prejudice to Steffen amending the second amended complaint to assert them against a different Defendant;

- Section 1983 claim that Nangle violated Steffen's Fourteenth Amendment right to due process based on the allegation that Nangle allowed the state-created danger to continue for six days, since Steffen failed to present evidence that Nangle (or anyone else) took any affirmative action towards Steffen or was aware of her circumstances such that the conduct rose to the level of deliberate indifference;

- Section 1983 claim against San Francisco that SFPD's General Order 9.06 (regarding vehicle "holds") violated Steffen's Fifth and Fourteenth Amendment due process rights, since Steffen presented no evidence of an official policy or practice of San Francisco that caused her injury.

*Id*. at 2-5.

Steffen's remaining claims are 1) a Section 1983 claim against Caldera for violation of the Fourth Amendment based on the seizure of her personal possessions inside the truck; and 2) a claim that Caldera's seizure of the truck violated California Vehicle Code section 22655.5.

Following the order on summary judgment, the court ordered the parties to meet and confer on Steffen's motion to reopen discovery and to submit a stipulation and proposed order regarding any agreements. [Docket No. 84.] Upon agreement of the parties, the court granted Steffen leave to take additional discovery and set deadlines for discovery and for Steffen to seek leave to file a third amended complaint ("TAC"). [Docket Nos. 86, 89, 92.] The court extended these deadlines multiple times at the parties' requests. Discovery ultimately closed on November

3

1    6, 2020 and Steffen timely filed the present motion. [Docket Nos. 104, 105, 106.]

2    Steffen's proposed TAC adds additional factual allegations about the seizure of her truck
3    and "failure to timely return" her seized property inside the truck. Prop. TAC ¶¶ 17, 21-35. It also
4    adds Section 1983 claims against Caldera and Nangle based upon the seizure of Steffen's truck
5    and personal property therein, and claims pursuant to *Monell v. Department of Social Services of*
6    *City of New York*, 436 U.S. 658 (1978), against San Francisco for constitutional violations related
7    to seizures of property.[2] Defendants oppose the motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir. 1999).

## III. DISCUSSION

As noted, Steffen seeks to add new claims under Section 1983 against Caldera, Nangle, and San Francisco related to the seizure of her truck and personal property inside the truck. The proposed claims are the following:

1. Violation of the Fourteenth Amendment based on the seizure of Steffen's personal

---

[2] In her motion, Steffen originally sought to add claims against eight SFPD officers who were working at Mission Station when she made in-person and telephonic requests for the return of her personal property. After the briefing on the motion was completed, the court ordered the parties to submit further briefing with respect to the portion of Steffen's motion seeking to add claims against the eight new Defendants. [Docket No. 112.] On February 5, 2021, the parties filed a stipulation in which Steffen withdrew her request to add the eight new Defendants but states that she "stands by her request to otherwise amend the complaint." [Docket No. 117.]

4

property against Caldera (claim one);

2. Violation of Steffen's Fourteenth Amendment procedural due process rights based on the failure to afford Steffen any process before seizing her personal property and vehicle against Caldera (claim two);

3. Violation of the Fourth and Fourteenth Amendments based on the seizure of and failure to release Steffen's personal property and vehicle against Nangle (claim three);

4. Violation of Steffen's Fourteenth Amendment procedural due process rights based on the failure to afford Steffen any process to recover her personal property and vehicle against Nangle (claim four);

5. *Monell* claim against San Francisco based on unconstitutional customs, practices, and policies regarding the seizure and return of property (claim five); and

6. Monell claim against San Francisco based on inadequate training policies with respect to protecting the rights of persons during seizures of their property (claim six).

**A.     Claim One**

As noted, the court denied Defendants' motion for summary judgment on Steffen's claim against Caldera for unreasonable seizure of her personal property inside the truck in violation of the Fourth Amendment. Steffen seeks to add the Fourteenth Amendment as an additional constitutional basis for this claim. However, it is well-established that that "if a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 843 (1998); *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). Claims for unreasonable seizures fall within the Fourth Amendment. *Terry v. Ohio*, 392 U.S. 1, 9 (1968); *Graham*, 490 U.S. at 394. As Steffen's proposed claim for unreasonable seizure under the Fourteenth Amendment is duplicative of the existing Fourth Amendment unreasonable seizure claim against Caldera, the court denies leave to amend to add this claim. *See, e.g., Adamson v. City of San Francisco*, No. 13-CV-05233-DMR, 2015 WL 5467744, at *3 (N.D. Cal. Sept. 17, 2015) (dismissing Fourteenth Amendment unreasonable seizure claim because such claims "fall within the Fourth Amendment").

## B. Claims Two through Six

Claims two through four are Section 1983 claims against Caldera and Nangle based on the Fourth and Fourteenth Amendments, and claims five and six are *Monell* claims against San Francisco. Defendants argue that granting Steffen leave to amend the SAC to allege these claims would be futile because they are barred by the doctrine of res judicata. Specifically, Defendants argue that Steffen may not allege claims that she raised or could have raised before the court's ruling on summary judgment. *See* Opp'n 4. Steffen did not respond to this argument in her reply brief.

Res judicata bars subsequent litigation if any of the claims were raised or could have been raised in a previous action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The doctrine of res judicata is applicable when three requirements between the two actions are present: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). In this case, as the parties are identical, the court must determine whether there is "identity of claims" in the SAC and the proposed TAC and "a final judgment on the merits."

"Identity of claims exists when two suits arise from the same transactional nucleus of facts." *Id.* at 1078 (quotation omitted). A plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). In this case, the relevant "transactional nucleus of facts" involves Steffen's allegations that Caldera unlawfully seized her truck which contained her personal belongings, and that Defendants failed to provide her with any timely process to retrieve her truck and belongings after the seizure. Steffen's proposed TAC seeks to hold the same Defendants liable for the same conduct under different theories of constitutional violations. Specifically, Steffen previously alleged that Caldera seized her truck and personal belongings in violation of the Fourth Amendment. She now seeks to add a claim against him under the Fourteenth Amendment based on his failure to provide her any "process whatsoever before depriving her of her" property. *See* Prop. TAC ¶ 53.

Steffen alleged in the SAC that Nangle failed to provide her with a tow and fee waiver

6

hearing following the seizure, thus violating her Fifth and Fourteenth Amendment due process rights. The court granted summary judgment on this claim, and Steffen now seeks to hold Nangle liable under the Fourth and Fourteenth Amendments for the length of the seizure of her truck and personal belongings, as well as for the seizure itself.

As to San Francisco, Steffen brought a claim in the SAC for municipal liability against San Francisco on the ground that SFPD General Order 9.06, regarding vehicle "holds," violated her Fifth and Fourteenth Amendment due process rights. She now seeks to bring *Monell* claims against San Francisco based on its policies and training regarding seizures of property.

Identity of claims thus exists because each of Steffen's proposed claims arises from the same transactional nucleus of facts as those asserted in the SAC and could have been raised in that pleading. *See Owens*, 244 F.3d at 714. Moreover, with respect to claim four against Nangle for violation of Steffen's Fourteenth Amendment procedural due process rights, this claim is essentially identical to Steffen's previous Fourteenth Amendment claim against Nangle, which the court already ruled on in Nangle's favor. *See* Order on MSJ at 3.

Given the identity of claims in the SAC and the proposed TAC, the only remaining question is whether there has been a final judgment on the merits. Under Ninth Circuit authority, "[a] disposition by summary judgment is a judgment on the merits for the purposes of res judicata." *Sawyer v. Resol. Tr. Corp.*, 81 F.3d 170 (9th Cir. 1996) (citing *Jackson v. S.I. Hayakawa*, 605 F.2d 1121, 1125 n.3 (9th Cir. 1979)). Accordingly, the court concludes that res judicata bars the second through sixth claims in Steffen's proposed TAC. Since these claims are barred, amendment would be futile. Steffen's motion for leave to file the proposed TAC is therefore denied. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013) ("Denial of leave to amend is not an abuse of discretion where the district court could reasonably conclude that further amendment would be futile.").

//

//

//

## IV. CONCLUSION

For the foregoing reasons, Steffen's motion for leave to file the proposed TAC is denied. The court will hold a further case management conference on July 7, 2021 at 1:30 p.m. The parties' joint case management statement is due by June 30, 2021.

**IT IS SO ORDERED.**

Dated: April 30, 2021



Donna M. Ryu
United States Magistrate Judge

8